UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | | |
|---|---|---|
| REX JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 16-cv-257-JMH |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **& ORDER** |
| UNIVERSITY OF KENTUCKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**       **       **       **       **

In April 2016, Plaintiff Rex Jackson was arrested on the campus of the University of Kentucky, where he was a student, for alleged drug-related offenses arising out of activity which took place in the student housing where he lived. Plaintiff was notified that the University would commence student disciplinary proceedings for a violation of its Student Code of Conduct. Jackson was then indicted on three counts by the Fayette County Grand Jury on June 14, 2016.[1] On July 8, 2016, Plaintiff filed a civil Complaint in the Fayette Circuit Court against Defendants

---

[1] The Court takes judicial notice of Fayette Circuit Court Indictment No. 16CR527, in which the Grand Jury charged Rex Jackson with one count of trafficking in marijuana (eight or more ounces but less than five pounds) in violation of KRS 218A.1421(3)(b), a Class D felony; one count of possession of a controlled substance (cocaine), first degree, in violation of KRS 218A.1415, a Class D felony; and one count of possession of a fictitious operators license in violation of KRS 186.610(1), a Class B misdemeanor. *See* Fed. R. Evid. 201. That matter remains pending at this time.

University of Kentucky and Christinie Natal-Martinez, in her official capacity as Student Responsibility Coordinator, seeking to stay the student disciplinary proceedings pending the final adjudication of the state criminal charges against him.[2] Defendants timely removed this action to this Court from the Fayette Circuit Court pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446, on the grounds that the Court could have exercised original jurisdiction over Plaintiff's claim of a violation of his federal constitutional rights and, thus, this Court may exercise jurisdiction over it now upon removal.

In his Complaint, Plaintiff avers that requiring him to participate in the student disciplinary process before the final adjudication of the state criminal charges against him would violate (1) the Fifth Amendment to the United States Constitution because, if he elects not to testify in the student disciplinary hearing in order to preserve his right not to self-incriminate, his protected property interest in a continued education at the University of Kentucky may be taken without due process of law and (2) Section 2 of the Kentucky Constitution because the decision to proceed against Plaintiff is arbitrary and capricious. [*See* DE 1-1, at 4-5, Page ID#: 8-9.]

---

[2] The parties have filed and the Court has signed an agreed order substituting Victor Hazard, in his official capacity as Interim Associate Provost for Student and Academic Life, University of Kentucky, as the proper individual defendant in this action.

Today, the Court considers Plaintiff's Motion for Injunctive Relief, asking the Court for a preliminary order staying the student disciplinary proceedings until the state criminal matter is finally resolved.  The matter is also before the Court because it has required Plaintiff to show cause why it should not abstain from exercising jurisdiction in this matter in light of *Younger*.  The Court has had the benefit of the parties' pleadings on these matters [DE 1-1, 7, and 8], as well as the arguments of the parties at a hearing on July 19, 2016.  In his Response, Jackson agrees that abstention is appropriate, but asks the Court to remand the action to the Fayette Circuit Court.  In its Response, Defendants argue that dismissal without prejudice is the appropriate procedural step where *Younger* abstention applies.  However, the time for Defendants to file an Answer or other pleading responsive to the Complaint has not yet expired, *see* Fed. R. Civ. P. 81(c)(2), and they have advised the Court that they intend to seek dismissal of the action against the University of Kentucky on sovereign immunity grounds under the Eleventh Amendment to the United States Constitution.  Accordingly, the Court has also considered whether, absent a waiver of immunity, this matter may proceed against the University of Kentucky.

As explained below, all claims against the University of Kentucky and the Kentucky constitutional claim against Defendant Hazard must be dismissed with prejudice in light of the sovereign

immunity of the state under the Eleventh Amendment and governmental immunity under Kentucky law, and the Court will abstain from hearing the federal constitutional claim against Defendant Victor Hazard in light of *Younger v. Harris*, 401 U.S. 37 (1971).   The federal constitutional claim against Hazard will be dismissed without prejudice.

## I.

The Court first considers whether sovereign immunity bars the claims against Defendants as the University of Kentucky has indicated in its Response that it does not intend to waive its sovereign immunity.  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State." U.S. Const. amend. XI. In addition to the states themselves, the Eleventh Amendment immunity can also extend to departments and agencies of states, as well as "state instrumentalities." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). In this case, the University of Kentucky is clearly an arm or instrumentality of the State and, thus, is entitled to Eleventh Amendment immunity on Jackson's claims. *See Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993).  Similarly, with respect to Plaintiff's claim under Section 2 of the Kentucky Constitution,

4

the University of Kentucky is a state agency that enjoys the benefits and protection of governmental immunity except where it has been explicitly waived by the legislature, as does Hazard in his official capacity. *Furtula v. University of Kentucky*, 438 S.W.3d 303, 305 n.1 (Ky. 2014) (citing *Comair, Inc. v. Lexington-Fayette Urban Cnty Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009); *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001)) (explaining that, "[s]ince the University of Kentucky is a state agency, and not the state itself, they can only have governmental immunity, which while related to and flowing from sovereign immunity, is nevertheless a slightly different concept" and that, "to the extent that the agency is performing a governmental function, as a state university does, its governmental immunity is functionally the same as sovereign immunity"). In the absence of a specific waiver, both the University of Kentucky and Defendant Hazard, in his official capacity, are immune from suit under Section 2 of the Kentucky Constitution. Kentucky Constitution, § 231; *see, e.g, Clevinger v. Bd. Of Educ. of Pike Cnty.,* 789 S.W.3d 5 (Ky. 1990) (dismissing claims brought under Section 2).

*Ex parte Young*, 209 U.S. 123 (1908), however, provides an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. The claim against Hazard in his official capacity qualifies for this exception under *Ex parte Young* as Plaintiff

seeks prospective relief to end an alleged continuing violation of federal law. *See MacDonald v. Vill. of Northport, Mich.* 164 F.3d 964, 970-72 (6th Cir. 1999). Accordingly, the claims against the University of Kentucky will be dismissed as an arm or instrumentality of the Commonwealth of Kentucky.

## II.

The Court next considers whether it should abstain from further proceedings against Defendant Hazard, in his official capacity. The undersigned recently addressed *Younger* abstention in *Doe v. Hazard*, 5:15-cv-300-JMH, 2016 WL 208304, -- F. Supp. 3d --- (E.D. Ky. Jan. 15, 2016). Under this doctrine, which warrants against federal court interference with pending state judicial proceedings absent extraordinary circumstances, the Court should abstain where "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Habich v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). In *Hazard*, the Court concluded that a quasi-criminal student disciplinary proceeding at the University of Kentucky, such as the one at bar, was a state proceeding for the purposes of *Younger* abstention. The parties do not dispute this, nor do they dispute that it is currently pending. Further, the parties agree that the proceeding

6

involves an important state interest.  Undoubtedly, the University has an immense and vital interest in eliminating transactions involving illegal drugs from its campus and, more specifically, from student housing on campus.

Next, at some level, the parties agree that Jackson is afforded an adequate opportunity to present his constitutional challenges in the University proceeding.  Defendants point out and Plaintiff does not dispute that the University Student Code of Conduct provides that no student is to be compelled to give testimony in a student disciplinary proceeding and that the refusal to do so will not be considered evidence of responsibility for an alleged violation.  At the hearing on this matter, Plaintiff's counsel intimated that the real issue is not that Plaintiff might be compelled to testify.  Rather, it is that he may find it to be in his best interest with respect to the Fayette Circuit Court criminal proceedings not to testify at his student disciplinary proceeding so as to avoid incriminating himself with respect to the state charges.  At the same time he feels that he might best defend himself at the student disciplinary proceeding by testifying.  Plaintiff Jackson faces a Hobson's choice, to be sure, and the choice of how to proceed is a difficult one.  That said,

absent a stay from the university officials, it may be one that he has to make.[3]

Finally, the Court declines to remand this action to the state court as Plaintiff requests.  This action was properly removed to this Court, and this Court has jurisdiction to consider the matter and make this determination.  By abstaining, the Court seeks to respect the state proceeding by permitting the student disciplinary process to take its course.  The Court will dismiss this action without prejudice as to Defendant Hazard, and Plaintiff may then ask the appropriate authority at the University of Kentucky to stay his proceeding.[4]  If appropriate, he may take an appeal from that decision when the time is right.

Accordingly, **IT IS ORDERED**:

---

[3] The court is unaware of what impact withdrawing from the University of Kentucky might have on the student disciplinary proceedings or on collateral matters like the release of transcripts to other secondary institutions and the like. Nonetheless, the Court notes that the Student Code of Conduct defines "student" as "any person who is admitted, registered, or enrolled in any University program or course, either full-time or part-time, pursuing undergraduate, graduate, or professional studies" and muses that there may be options available to Plaintiff not mentioned by counsel during these proceedings. *See* University of Kentucky Student Code of Conduct, Part I, Rules, Procedures, Rights and Responsibilities, Definitions, ¶ 1, http://www.uky.edu/StudentAffairs/Code/part1.html (last visited July 20, 2016). The Court acknowledges that this and other options may be no more palatable than the decision to testify or not testify in a disciplinary proceeding in light of the consequences.

[4] It appears to the Court that the decision on when to proceed is within the discretion of the Dean of Students. *See* University of Kentucky Student Code of Conduct, Part I, Rules, Procedures, Rights and Responsibilities, Article II, ¶ 6 ("Proceedings under this Code may be carried out prior to, simultaneously with, or following civil or criminal proceedings off campus at the discretion of Dean of Students."), http://www.uky.edu/StudentAffairs/Code/part1.html (last visited July 20, 2016).

(1)   That Plaintiff's Motion for Injunctive Relief is **DENIED WITHOUT PREJUDICE**;

(2)   That, upon the Court's own motion, all claims against the University of Kentucky shall be **DISMISSED WITH PREJUDICE**;

(3)   That, upon the Court's own motion, the claim against Defendant Victor Hazard, in his official capacity as Interim Associate Provost for Student and Academic Life at the University of Kentucky, under the Kentucky Constitution is **DISMISSED WITH PREJUDICE.**

(4)   That, upon the Court's own motion, the claims against Defendant Victor Hazard, in his official capacity as Interim Associate Provost for Student and Academic Life at the University of Kentucky, under the United States Constitution shall be **DISMISSED WITHOUT PREJUDICE.**

This the 20th day of July, 2016.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge